William M. Fischbach (SBN 019769)
Amy D. Sells (SBN 024157)
Gianni Pattas (SBN 030999)
Marcos A. Tapia (SBN 032746)
**TB TIFFANY & BOSCO** P.A.
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016-4237
Telephone: (602) 255-6000
Facsimile: (602) 255-0103
Email: wmf@tblaw.com; ads@tblaw.com; gp@tblaw.com; mat@tblaw.com
*Attorneys for Defendants Augmented Knowledge, Dr. Kevin Geun Sik Jo, Bernard Moon, and SparkLabs Group Management, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carl A. Wescott,<br><br>  Plaintiff,<br>  vs.<br><br>Augmented Knowledge; Dr. Kevin Geun Sik Jo; Inha University; Bernard Moon; The SparkLabs Group,<br><br>  Defendants. | No. 2:20-cv-00965-GMS<br><br>**DEFENDANTS' APPLICATION FOR ATTORNEY'S FEES AND COSTS**<br><br>(Hon. G. Murray Snow) |

Defendants Augmented Knowledge, Dr. Kevin Geun Sik Jo, Bernard Moon, and SparkLabs Group Management, LLC (collectively "Defendants") moves for their costs and attorneys' fees under A.R.S. §§ 12-341 and 341.01 against Plaintiff Carl A. Wescott ("Plaintiff"). Specifically, Defendants seek an award of $7,931.00 in attorneys' fees and $450.00 in taxable costs. This application is timely under FRCP 54 and is and supported by the Affidavit of William M. Fischbach III, attached as **Exhibit A**, and a Statement of Taxable Costs, attached as **Exhibit B**.

**I.  Facts.**

Plaintiff filed suit claiming that he was a former employee of Defendant SparkLabs Group Management, LLC ("SparkLabs Group"), and further claimed that he was, or

1

should have been, an employee of Defendant Augmented Knowledge. Compl. [ECF No. 1-2] at ¶¶ 16, 17. Plaintiff asserted claims for unpaid employee expenses, breach of the covenant of good faith and fair dealing, promissory fraud, promissory estoppel, and negligent misrepresentation based on alleged agreements to compensate Plaintiff and reimburse certain employee expenses. *Id*. at ¶¶ 18-60. Defendants timely removed the case to the District Court [ECF No. 1] and moved to dismiss for lack of personal jurisdiction [ECF Nos. 16, 17]. Plaintiff filed no response and the Court granted Defendants' motion [ECF No. 21].

**II.  Law.**

The successful party in a contested action arising out of contract may recover reasonable attorneys' fees and costs under A.R.S. §§ 12-341 and 12-341.01(A). Factors to consider in the "successful party" analysis include the following:

> 1. The merits of the claim or defense presented by the unsuccessful party.
>
> 2. The litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result.
>
> 3. Assessing fees against the unsuccessful party would cause an extreme hardship.
>
> 4. The successful party did not prevail with respect to all of the relief sought.
>
> [5.] [T]he novelty of the legal question presented, and whether such claim or defense had previously been adjudicated in this jurisdiction.
>
> [6.] [W]hether the award in any particular case would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorney's fees

*Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570 (1985).

In cases involving various competing claims, counterclaims and setoffs all tried

2

together, the successful party can be the net winner. *See Berry v. 352 E. Virginia, L.L.C.*, 228 Ariz. 9, 261 (App. 2011) (quoting *Ayala v. Olaiz,* 161 Ariz. 129 (App. 1989)). Alternatively, under the totality of the litigation rule, there are no strict factors, and the trial court is afforded discretion in reviewing the totality of the litigation, and a court may review the multiple claims and whether the parties succeeded on these claims to determine which party is the successful party. *See Pioneer Roofing Co. v. Mardian Constr. Co.,* 152 Ariz. 455 (App. 1986). Accordingly, even "partial success does not preclude a party from 'prevailing' and receiving a discretionary award of attorneys' fees." *Berry*, 228 Ariz. at 14.

Once a court determines which party is the "successful party," the court must then determine if the successful party's fees are reasonable. In Arizona, the prevailing party is generally "entitled to recover a reasonable attorney's fee for every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest in the pursuit of a successful [claim or defense]." *Schweiger v. China Doll Rest. Inc.*, 138 Ariz. 183, 188 (1983) (*quoting Twin City Sportservice v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th Cir. 1982)). A court may also consider "the difficulty and intricacy of the work performed when determining the reasonableness of the attorney fees sought." *Schwartz v. Schwerin*, 336 P.2d 144, 146 (Ariz. 1959).

**III. Legal analysis under A.R.S. §§ 12-341 and 12-341.01.**

    **A.    This case arises out of a contract under A.R.S. § 12-341.01.**

Here, Plaintiff's complaint was premised on allegations of a contract or agreement with SparkLabs Group and/or Augmented Knowledge. *See, e.g.,* Compl. [ECF No. 1-2] at ¶¶ 17, 35, 60, 68. Although Plaintiff asserted a variety of contract and tort-based claims, the "essence" of the action was always grounded in a contract. *ASH, Inc. v. Mesa Unified Sch. Dist. No. 4*, 138 Ariz. 190, 193 (App. 1983) (adopting a "broad construction of A.R.S. § 12–341.01 by analyzing the essence of the action to determine whether it arises out of a contract"). As such, A.R.S. § 12-341.01 applies.

**B. The *Warner* factors all favor Defendants.**

As to the first *Warner* factor, Defendants' motion to dismiss for lack of personal jurisdiction was well grounded in that none of the alleged conduct pertained to Arizona. As to the second *Warner* factor, Plaintiff made no settlement overtures and the dismissal was the result of Defendants' motion to dismiss. As for the third *Warner* factor, Plaintiff has presented no evidence that an award of attorneys' fees would cause any undue financial hardship, and unsupported claims of financial hardship are insufficient. *Woerth v. City of Flagstaff*, 167 Ariz. 412, 420 (App. 1990) ("[T]he party asserting financial hardship has the burden of coming forward with prima facie evidence of financial hardship."). With the fourth *Warner* factor, Defendants prevailed completely with their motion to dismiss, and a defendant succeeding on a personal jurisdiction defense is a "successful party" for purposes of A.R.S. § 12-341.01. *See Tash v. Saunders*, 153 Ariz. 322, 325–26 (App. 1987). On the fifth *Warner* factor, while Plaintiff's claims were certainly frivolous, they did not present any novel questions. Finally, the sixth *Warner* factor is traditionally limited to circumstances in which an award of attorneys' fees would "have a chilling effect on other parties who may wish to question the legitimacy of the actions of public officials." *Wistuber v. Paradise Valley Unified Sch. Dist.*, 141 Ariz. 346, 350 (1984) ("Where aggrieved citizens, in good-faith, seek a determination of the legitimacy of governmental actions, attorney's fees should not usually be awarded [under A.R.S. § 12-341.01."). That was not the case here.

Because each and every one of the *Warner* factors weighs in Defendants' favor, Defendants are the successful party.

**C. Defendants' requested fees are reasonable.**

Defendants' strategy was simple: secure the dismissal of Plaintiff's lawsuit in its entirety by objecting to personal jurisdiction, and each task undertaken by undersigned counsel was in furtherance of that strategy. As noted in Exhibit A, undersigned counsel has been licensed in Arizona since 1999 and typically charges $415/hour and higher for commercial litigation matters. This rate is slightly above the mean and median rates in

Arizona given undersigned counsel's 20-plus years of practice, but it is well within the normal range of hourly fee rates within this jurisdiction, particularly for mid- to large-size firms such as Tiffany & Bosco, P.A. *See generally* State Bar of Arizona, 2019 Economics of Law Practice in Arizona (2019). Undersigned counsel represented some of the same Defendants in a nearly identical lawsuit by Plaintiff currently pending in this Court as *Wescott v. Moon, et al.*, No. 2:20-cv-00964-MTL. To ensure efficiency and avoid duplication of effort, overlapping time entries for both cases were charged at 50%, as indicated by the "SPLIT" notation in such time entries.

### D. As the successful party, Defendants are entitled to their taxable costs.

The successful party in any action is entitled to an award of taxable costs under A.R.S. § 12-341. The award of taxable costs recoverable under A.R.S. § 12-341 is mandatory and not discretionary. *Ellis v. Neurological Associates of Tucson, P.C.*, 118 Ariz. 18, 21 (App. 1977). Thus, the taxable costs associated with this matter should be awarded to Defendants as the successful party.

### E. Defendants are entitled to post-judgment interest.

Under A.R.S. § 44-1201(B) and (F), post-judgment interest should accrue at the rate of 4.25% per annum.

## IV. Conclusion.

For the aforementioned reasons, this Court should grant this application and award Defendants attorneys' fees in the amount of $7,931.00, plus taxable costs in the amount of $450.00, with post judgment interest to accrue at the rate of 4.25% per annum from the date of judgment until paid in full.

///

///

**DATED** this 17th day of August, 2020.

**TIFFANY & BOSCO** P.A.

By: */s/ William M. Fischbach*
    William M. Fischbach
    Amy D. Sells
    Gianni Pattas
    Marcos A. Tapia
    Seventh Floor Camelback Esplanade II
    2525 East Camelback Road
    Phoenix, Arizona 85016-4237
    *Attorneys for Defendants Augmented Knowledge, Dr. Kevin Geun Sik Jo, Bernard Moon, and SparkLabs Group Management, LLC*

**CERTIFICATE OF SERVICE**

The foregoing was filed today, August 17, 2020, via the Court Electronic Filing System. Copies will be served upon counsel of record by, and may be obtained through operation of the CM/ECF System. Copies will also be sent via e-mail and US mail.

Carl A. Westcott
7707 E. McDowell #214
Scottsdale, Arizona 85257

Carl A. Westcott
409 N. Scottsdale Road #223
Scottsdale, Arizona 85257
carlwescott2020@gmail.com
*Plaintiff Pro Per*

/s/William M. Fischbach